■ In the Matter of the Claim of ROSE MARY NICKERSON, Appellant. COMMISSIONER OF LABOR, Respondent. [790 NYS2d 241]—

Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 31, 2004, which ruled that claimant was ineligible to receive unemployment insurance benefits because she had no covered base period employment.

Claimant had been employed by an airline as a customer ser-

vice representative when she took an indefinite, unpaid leave of absence in 2000 to serve full time as the president of Local 1171 of the Communications Workers of America, a union comprised of employees of the airline. In 2003, claimant lost her bid for re-election and, upon being informed by the airline that she could not return to her previous employment as a ticket sales agent because the center where she had worked had been eliminated due to a reduction in force, applied for and received unemployment insurance benefits based upon her reported base period wages paid by the union. After these benefits were exhausted, claimant applied for additional unemployment insurance benefits available to airline-related industry workers under the Temporary Extended Unemployment Compensation Act of 2002 (hereinafter TEUC-A; *see* Pub L 108-11, 117 US Stat 607). Her application was denied, however, on the ground that her base period employment with the union involved providing services to airline employees rather than to an airline, and her subsequent separation from that employment when she was voted out of office did not qualify her for benefits within the meaning of TEUC-A. Following a hearing, an Administrative Law Judge upheld the denial of benefits, which the Unemployment Insurance Appeal Board subsequently affirmed. Claimant now appeals and we affirm.

To be eligible for extended unemployment insurance benefits under TEUC-A, a claimant must demonstrate a qualifying base period of employment, which the statute defines as employment with an air carrier, a facility at an airport or an upstream producer or supplier for an air carrier (*see* Pub L 108-11, 117 US Stat 607, § 4002 [a] [2] [A]). Additionally, the claimant's separation from such employment must be due to reductions in service by the air carrier as the result of the terrorist attacks of September 11, 2001 or the present conflict in Iraq (*see* Pub L 108-11, 117 US Stat 607, § 4002 [a] [2] [B]). In the instant matter, substantial evidence supports the Board's determination that claimant's role as president of her local union chapter did not suffice to bring her within the purview of the statute. Specifically, the Board was entitled to rely on hearing testimony, including claimant's admissions and documentary evidence indicating that claimant, whose salary was paid by the union, neither provided services directly to the airline nor left her position with the union for any reason other than her lost bid for reelection (*see Matter of Local 54 United Paperworkers Intl. Union [Commissioner of Labor]*, 301 AD2d 922, 923 [2003]).

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.