■ In the Matter of the Claim of CINDY CLESE, Appellant. COMMISSIONER OF LABOR, Respondent. [791 NYS2d 700]—

Mercure, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 14, 2003, which ruled that claimant was ineligible to receive unemployment insurance benefits under the temporary extended unemployment compensation program for displaced airline-related workers.

Claimant worked as an investment banker in the municipal bonds department of a securities firm serving several domestic airport authorities. As part of her job duties, claimant sold revenue bonds to investors, whose financial contributions were used to fund airport-related capital improvements, including the renovation of runways and taxiways. After September 11, 2001, airports served by claimant's firm began to shift their focus to making security-related improvements, which were largely government funded. When the demand for bond issues decreased as a result, claimant was terminated.

After exhausting her claim for unemployment insurance benefits, claimant filed a claim for extended benefits under the

Temporary Extended Unemployment Compensation Act of 2002 (hereinafter TEUC-A; *see* Pub L 108-11, 117 US Stat 559, 607), which provides payment for temporary extended benefits to displaced airline-related workers who meet certain eligibility criteria. The Unemployment Insurance Appeal Board ultimately denied the application, finding that claimant's employment was not airline related within the meaning of TEUC-A. Claimant now appeals.

A claimant is eligible to receive extended unemployment benefits under TEUC-A only if his or her base period of employment was "with an air carrier, [or] at a facility at an airport, or with an upstream producer or supplier for an air carrier" (Pub L 108-11, 117 US Stat 559, 607, § 4002 [a] [2] [A]). Claimant argues that her employer was a "supplier" within the meaning of the statute because her employment was in an airline-related industry which supplied services received and utilized by airlines. We disagree.

The term "supplier" is defined by TEUC-A as "a firm that produces component parts for, or articles and contract services considered to be a part of the production process or services for, another firm" (Pub L 108-11, 117 US Stat 559, 607, § 4002 [a] [5]). More specifically, a supplier is "an employer that produces component parts for, or articles and contract services considered to be a part of the production process or services for, *an air carrier or for another supplier or upstream producer* whose supplies, products or services are received or utilized by an air carrier and used for airline industry purposes" (68 Fed Reg 35429-01 [2003] [emphasis added]).

Claimant testified that she was hired to attract investors to buy airport revenue bonds, the proceeds of which were used by the airports to make capital improvements. Thus, any "contract services" that she may have provided were not for "an air carrier or for another supplier or upstream producer" (68 Fed Reg 35429-01 [2003]; *see* Pub L 108-11, 117 US Stat 559, 607, § 4002 [a] [5]), but for the airport authorities themselves. Although claimant asserts that she provided services to the air carriers because they utilized and benefitted from the capital improvements done to the airports as a result of the money raised by the bond offerings, we agree with the Board's finding that the connection between claimant's processing of funding for airports on the one hand, and the air carriers who were incidentally benefitted by the new infrastructure on the other, was too remote to establish the employer as a supplier.

While claimant also testified that she raised funds for two air carriers during the course of her employment, she stated that

her employer "didn't get the deal" with one of the carriers and offered only speculative testimony about the employer's relationship with the other carrier without providing any further proof. Substantial evidence supports the Board's conclusion that claimant's employment was not sufficiently airline related so as to entitle her to receive extended benefits (*see Matter of Nickerson [Commissioner of Labor]*, 14 AD3d 980 [2005]). Claimant's remaining contention in support of her eligibility under TEUC-A is rendered academic by our decision.

Crew III, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.